OPINION
{¶ 1} Appellant Patrick Dobrovich is appealing his conviction on 22 counts of telephone harassment rendered in the Eastern Division Court of Belmont County, Ohio. This Court recently upheld Appellant's earlier conviction on five counts of telephone harassment. State v. Dobrovich,
7th Dist. No. 04 BE 10, 2005-Ohio-1441 (Dobrovich I). The victim in both cases is the same: Appellant's former girlfriend, Michelle Ritz. In the instant appeal, Appellant asserts the same argument that this Court rejected in the earlier appeal, contending that a cassette tape recording of his phone messages violated the best evidence rule. Appellant also contends that he was denied the right to a fair trial and the right to counsel. The record reflects that Appellant did not properly waive his right to counsel, nor was he adequately informed of the hazards of self-representation. Therefore, Appellant's conviction and sentence are reversed, and this case is remanded for further proceedings.
 {¶ 2} On May 5, 2004, Michelle Ritz filed a complaint against Appellant, alleging 22 counts of telephone harassment in violation of R.C. § 2917.21. These are first degree misdemeanors. On July 15, 2004, Appellant informed the trial court that he intended to be represented by attorney Paul Jefferis. Another pretrial hearing was held on August 12, 2004. Appellant had not yet retained counsel as of that time. There is no indication in the record that Appellant was indigent or had requested counsel to be appointed by the court. Neither does the record contain a written waiver of Appellant's right to counsel.
 {¶ 3} The case went to bench trial on September 2, 2004. Appellant represented himself at trial. The victim testified and the recorded cassette tape from her answering machine was submitted as evidence. Appellant did not testify. On October 4, 2004, the court entered its judgment, convicting Appellant on all 22 counts and sentencing him to 30 days in jail on each count. The court suspended all but 180 days of the sentence and ordered that the sentence be served immediately. The court also found that Appellant was in violation of his probation and sentenced him to two years of supervised probation. On October 5, 2004, the trial court granted a stay of execution of sentence after he posted a $2500 bond. This timely appeal followed on October 20, 2004.
 {¶ 4} Appellant presents three assignments of error on appeal, which will be treated out of order for purposes of our analysis.
 ASSIGNMENT OF ERROR NO. 3 {¶ 5} "DEFENDANT WAS DENIED HIS RIGHT TO HAVE COUNSEL PRESENT AT TRIAL."
 {¶ 6} Appellant asserts, in a one-paragraph argument, that he did not understand what was going on at trial and did not knowingly waive his right to counsel. Appellee presents no specific argument other than directing this Court to read certain lines of the transcript. Despite Appellant's minimal argument, it is quite obvious from the record that Appellant was not made aware of the significance of representing himself at trial. For this reason, Appellant's third assignment of error has merit.
 {¶ 7} The trial court's entire inquiry concerning Appellant's waiver of the right to counsel is as follows:
 {¶ 8} "THE COURT: Mr. Dobrovich — Mr. Dobrovich, are you ready for trial?
 {¶ 9} "MR. DOBROVICH: I'm just here.
 {¶ 10} "THE COURT: Okay.
 {¶ 11} "MR. DOBROVICH: I ain't — I ain't going to have a lawyer.
 {¶ 12} "THE COURT: You're going to proceed to represent yourself?
 {¶ 13} MR. DOBROVICH: I'm going to see what's going on.
 {¶ 14} "THE COURT: Okay." (Tr., p. 4.)
 {¶ 15} Ohio's Rules of Criminal Procedure contain provisions for a criminal defendant to be provided with counsel and to waive the right to counsel. Crim.R. 44 states, in pertinent part:
 {¶ 16} "(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 17} "(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 18} Appellant was charged with misdemeanor offenses, which are the type of petty offenses referred to in Crim.R. 44. The question in this appeal is whether the overall record reflects that Appellant properly waived his right to counsel in a case involving petty offenses.
 {¶ 19} The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defence [sic]." Similarly, the Ohio Constitution provides: "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel[.]" Section 10, Article I, Ohio Constitution.
 {¶ 20} The right to counsel, though, may be waived by the defendant. In order to be effective, a waiver of trial counsel must be made knowingly, voluntarily, and intelligently. State v. Gibson (1976),45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus; see also Crim.R. 44(B), supra. In cases involving petty crimes, the waiver of counsel need not be in writing, but must be made on the record in open court. Jackson v. Wickline, 153 Ohio App.3d 743,2003-Ohio-4354, 795 N.E.2d 1248, ¶ 12.
 {¶ 21} It is not clear from the trial transcript whether Appellant understood the rights he was waiving when he told the trial judge that he was not going to have a lawyer at trial. Most appellate courts, including this Court, have held that a waiver of the right to counsel is not valid if it does not include some discussion of, "the hazards inherent in self-representation." See, e.g., State v. Weiss (1993),92 Ohio App.3d 681, 685, 637 N.E.2d 47; State v. Eyrich (June 19, 1996), 7th Dist. No. 745 (citing Weiss). Furthermore, a defendant's assertion of the right of self-representation must be clear and unequivocal. State v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751,772 N.E.2d 81, ¶ 38.
 {¶ 22} There is no discussion in the record of the hazards of self-representation, and Appellant's equivocal responses to the trial court's limited inquiry certainly reinforce the impression that he was not fully aware of the significance of proceeding to trial without counsel. There is no written waiver of the right to counsel in the record. Although a written waiver is not required in petty offense cases, the lack of a written waiver is one more indication that Appellant was not fully informed about the significance of going to trial without counsel. For these reasons, we sustain Appellant's third assignment of error.
 ASSIGNMENT OF ERROR NO. 1 {¶ 23} "INTRODUCTION OF EDITED TAPES VIOLATED THE BEST EVIDENCE RULE AND THE COURT ERRED BY ADMITTING THIS IMPROPER EVIDENCE."
 {¶ 24} Appellant raised the same issue that was reviewed in DobrovichI, in which this Court stated:
 {¶ 25} "The Ohio Supreme Court has held that: `[t]he party seeking to exclude a duplicate has the burden of demonstrating that the duplicate should be excluded.' State v. Tibbetts (2001), 92 Ohio St.3d 146, 160,749 N.E.2d 226. The party seeking to exclude a duplicate cannot rely on mere speculation as to its authenticity. State v. Easter (1991),75 Ohio App.3d 22, 27, 598 N.E.2d 845. Furthermore, `the decision to admit duplicates, in lieu of originals, is one that is left to the sound discretion of the trial court.' Id." Id. at ¶ 15.
 {¶ 26} Evid.R. 1003 allows for a duplicate to be admitted as evidence to the same extent as an original, "unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Appellant contends that he raised a question at trial concerning the authenticity of the original recording. The record does reflect that Appellant questioned the victim concerning the authenticity of the recordings. (Tr., pp. 16f.) The trial court's ruling on the sufficiency of authentication evidence is also reviewed for abuse of discretion.Easter, supra, 75 Ohio App.3d at 26-27, 598 N.E.2d 845.
 {¶ 27} The record contains a considerable discussion about the authenticity of the recordings. The victim testified that it was Appellant's voice on the tapes, that she dated him for two and a half years, that she recognized Appellant's voice on the tapes, and that the tapes were made between January 30th and February 29th of 2004. The trial court accepted this testimony as sufficient authentication of the tapes. This was the same type of authentication evidence that was upheld inDobrovich I, and there does not appear to be any abuse of discretion in the trial court's decision to accept the same type of evidence again.
 {¶ 28} For these reasons, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 29} "DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL."
 {¶ 30} Appellant argues that he did not have a fair trial because he did not understand what was happening at trial; that he was not offered an opportunity to give an opening statement; and that the trial court prevented him from effectively representing himself by threatening to remove Appellant from the courtroom if he did not keep quiet while the prosecution presented its case. (Tr., p. 8.) Appellant has not indicated what rules the trial court may have violated, or why these alleged violations would constitute reversible error. Appellant appears to be arguing one of two things: that he should have been treated more leniently by the trial judge because he was acting as his own counsel; or that he did not receive a fair trial because he was ineffective as his own counsel.
 {¶ 31} Pro se criminal defendants are subject to the same rules of evidence and procedure as those defendants who have obtained counsel.Ahmed v. McCort, 7th Dist. No. 02 BA 8, 2003-Ohio-6002, ¶ 5. Furthermore, a pro se criminal defendant cannot assert reversible error based on his or her own effectiveness as counsel: "The constitutional right to represent oneself would become a hollow right and its assertion would most likely be rejected with regularity if pro se defendants were permitted to assign as error their own ineffectiveness." State v. Taylor,98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 83.
 {¶ 32} The record reveals that the trial court told Appellant to be quiet while the cassette tape was being played. Although the judge was rather stern, Appellant was not deterred from making further objections or comments in court, or from vigorously cross-examining Michelle Ritz. As far as being denied the opportunity to make an opening statement, the purpose of a defendant's opening statement is to briefly state the evidence that he or she intends to introduce in order to prove his or her defense. R.C. § 2945.10(B). Appellant stated at trial that he did not have any evidence to present. (Tr., p. 21.) Therefore, it is difficult to see how Appellant could have been prejudiced by not being permitted to present an opening statement outlining his evidence when he had no evidence to present. Finally, concerning Appellant's confusion at trial, the portions of the transcript cited by Appellant indicate more of a flippant or arrogant attitude rather than confusion. The only confusion appears to have been in Appellant's choice to waive the right to counsel and represent himself, and this error has already been addressed above.
 {¶ 33} For the aforementioned reasons, Appellant's second assignment of error is overruled.
 {¶ 34} In conclusion, the record does not adequately show that Appellant understood the implications of waiving the right to counsel and representing himself at trial. Therefore, his conviction on 22 counts of telephone harassment is hereby reversed and the case remanded for further proceedings consistent with this Opinion.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.