[Cite as *State v. Inman*, 2021-Ohio-1573.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA27 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| EVELYN R. INMAN, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 04/27/2021** |

_____
<u>APPEARANCES:</u>

William B. Summers, Parkersburg, West Virginia for Appellant.

Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, for Appellee.
_____

Wilkin, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry that sentenced appellant, Evelyn Inman, to 30 days in jail after pleading guilty to a first-degree misdemeanor.  On appeal, appellant asserts that the trial "[c]ourt abused its discretion in giving her the same sentence as her co-defendant in entering a plea when the original charge that was mitigated down to a misdemeanor was still based off a smaller amount of possession than her co-defendant and yet the sentence was the same despite this fact."  Based upon our review of the parties' arguments, applicable law, and the record, we overrule appellant's assignment of error and affirm the trial court's judgment.

BACKGROUND

{¶2} A grand jury issued a two-count indictment with count one against appellant's co-defendant, Robert Cross, on possession of .221 grams of Methamphetamine in violation of R.C. 2925.11(A) & (C)(1)(a), and count two against appellant on possession of .079 grams of Methamphetamine in violation of R.C. 2925.11(A) & (C)(1)(a). Appellant pleaded not guilty. Appellant's trial was set for December 17, 2019. However, on November 27, 2019, the trial court held a change of plea hearing/sentencing hearing for appellant. At the beginning of the hearing, the trial court noted for the record that appellant had "exactly the same arrangement" as her co-defendant. The trial court went on to state: "I assume we're going to amend Count I to make it attempted, which makes it a first degree misdemeanor. Correct?" The prosecutor stated: "Correct, your Honor" and defense counsel had no objection. The trial court accepted the plea "of the first degree misdemeanor as amended to Count I, dismisses Count II."[1] The trial court then proceeded to sentencing and ordered appellant "to serve 30 days in the Washington County Jail with credit for one day served."

{¶3} Subsequent to the hearing, the trial court issued a judgment entry of conviction that reflected appellant pleaded "[g]uilty to ATTEMPTED POSSESSION OF DRUGS, a misdemeanor of the first degree, in violation of Ohio Revised Code sections 2929.11(A) & (C)(1)(a) and 2929.02(A), as amended in count two of the indictment." The judgment also states that the trial court considered the factors in R.C. 2929.11 through R.C. 2929.19 in sentencing

---

[1] The trial court mistakenly indicated that count one was being amended. In fact, count two against appellant was amended to attempted possession as reflected in the trial court's entry accepting appellant's plea.

appellant to 30 days in jail.  It is from this judgment that appellant appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

THE DEFENDANT-APPELLANT BELIEVES THE COURT ABUSED ITS DISCRETION IN GIVING HER THE SAME SENTENCE AS HER CO-DEFENDANT IN ENTERING A PLEA WHEN THE ORIGINAL CHARGE THAT WAS MITIGATED DOWN TO A MISDEMEANOR WAS STILL BASED OFF OF A SMALLER AMOUNT OF POSSESSION THAN HER CO-DEFENDANT AND YET THE SENTENCE WAS THE SAME DESPITE THIS FACT[2]

{¶4} In appellant's sole assignment of error, she alleges that the trial court abused its discretion in giving her the same sentence as her co-defendant in entering a plea when her original charge was mitigated down to a misdemeanor and was still based off a smaller amount of possession than her co-defendant.

{¶5} In her brief, appellant makes four arguments.  First, appellant argues that the trial court abused its discretion by relying on R.C. 2929.11 through R.C. 2929.28 when it sentenced appellant to a 30-day jail sentence.  Second, appellant argues that because she committed a misdemeanor offense, the trial court should have considered a sentence other than 30 days in jail "because the Revised Code Section cited in the determination of the sentence leaves open the discretion even in the sentencing of felonies for drug possession."  Third, appellant compares her 30-day sentence for attempted possession of .079 grams of Methamphetamine with her co-defendant's same sentence for possession of .221 grams of Methamphetamine, and suggests that imposing upon her the same sentence for attempted possession of a lesser amount of

---

[2] While appellant's brief lacked a designated assignment of error, it did have an "Assignment of Error" section that contained the sentence that we are attributing as her assignment of error.

Methamphetamine was "unfair and arbitrary." Finally, the appellant citing a document issued by the Supreme Court of Ohio titled "Guidance to Local Courts COVID-19 Public Health Emergency," effectively argues that her jail sentence should be reversed and she should be placed on community control.

{¶6} In response, the state argues that the appellant did not object to her 30-day sentence and has failed to establish that her sentence is reviewable on appeal because appellant waived any alleged error in that she invited the error by agreeing to a 30-day sentence. The state also argues that irrespective of whether appellant invited error, the trial court's imposition of the agreed sentence was not an abuse of discretion. Finally, the state also argues that appellant's reliance on the COVID-19 Guidelines is "unsupported from a legal standpoint."

LAW and ANALYSIS

1. Standard of Review

{¶7} " 'We review a misdemeanor sentence for an abuse of discretion.' " *State v. Williams*, 4th Dist. Jackson No 15CA3, 2016-Ohio-733, ¶ 17, quoting *State v. Marcum*, 2013-Ohio-2447, 994 N.E.2d 1, ¶ 22 (4th Dist.). "An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary." *State v. Wyatt*, 4th Dist. Pike No. 01CA672, 2002-Ohio-4479, ¶ 20, citing *State v. Lessin*, 67 Ohio St.3d 487, 620 N.E.2d 72 (1993), citing *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993). "An abuse of discretion includes a situation in which a trial court did not engage in a 'sound reasoning process'; this review is deferential and does not permit an appellate court to

simply substitute its judgment for that of the trial court." *State v. Felts*, 2016-Ohio-2755, 52 N.E.3d 1223, ¶ 29 (4th Dist.), quoting *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

## 2. Appellant's Sentence

**{¶8}** Appellant argues that the trial court abused its discretion because the sentencing entry referred to the sentence being based "upon consideration of the factors set forth in Ohio Revised Code sections 2929.11, through 2929.19," which provide courts guidance in sentencing felony offenders.  Appellant pleaded guilty to a first-degree misdemeanor, and the sentencing guidelines for misdemeanors are set out in R.C. 2929.21 and R.C. 2929.22.  Thus, the trial court's entry did cite the wrong statutory sentencing guidelines.  However, as the Eighth District Court of Appeals has recognized, "[t]he guidelines for misdemeanor sentencing are substantially similar to those applied in felony sentencing." *City of S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 7.  For example, both R.C. 2929.11, which applies to felony sentencing, and R.C. 2929.21, which applies to misdemeanor sentencing, provide that a sentencing court "shall be guided by the purposes of" felony and misdemeanor sentencing respectively, which are "to protect the public from future crime by the offender and others and to punish the offender."  R.C. 2929.11 and 2929.21(A).  Moreover, "[w]hen the court's sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards [for misdemeanor sentencing], absent a showing to the contrary." *State v. Downie*, 183 Ohio App. 3d 665, 2009-Ohio-4643, 918 N.E.2d

218, ¶ 48 (7th Dist.), citing *State v. Crable,* 7th Dist. Belmont No. 04-BE17, 2004-Ohio-6812, ¶ 24.  Although the trial court stated that it considered felony sentencing, they are similar to the misdemeanor sentencing guidelines, and the trial court imposed a 30-day jail sentence, which is well within the 180 days in jail the court could have imposed for a first-degree misdemeanor under R.C. 2929.24(A)(1).

{¶9} Under these facts, we find that the trial court's sentence was not an unreasonable, unconscionable, or arbitrary.  Consequently, we hold that the trial court did not abuse its discretion in sentencing appellant to 30 days in jail.

### 3. COVID-19 Guidelines

{¶10} With regard to appellant's argument that COVID-19 should permit her to avoid her jail sentence, appellant relies on the statement issued by the Ohio Supreme Court entitled "Guidance to Local Courts COVID-19 Public Health Emergency[,]" which was issued in March of 2020.   The trial court sentenced appellant in November 2019, which was months before COVID-19 became a pandemic in this country, and the Ohio Supreme Court issued the COVID-19 guidelines relied upon by appellant herein.   Therefore, we reject appellant's argument that the trial court should have sentenced her to community control.

CONCLUSION

{¶11} Accordingly, because the trial court did not abuse its discretion when it sentenced appellant to 30 days in jail, we affirm the trial court's judgment entry.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:     _____
          Kristy S. Wilkin, Judge


### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**