JOURNAL ENTRY and OPINION
{¶ 1} A jury found defendant Carl Doss guilty of aggravated burglary, robbery, theft, and possession of criminal tools. The jury also found Doss guilty of corresponding firearm specifications for each count. The primary issue in this appeal, expressed in three different assignments of error, concerns Doss's trial with his co-defendant John Barto. Barto did not testify at trial, but the parties agreed to permit the state to introduce into evidence three statements made by Barto. In those statements, Barto implicated Doss, with whom he worked as a private detective, in a scheme to pass themselves off as police officers in order to collect money from a person who paid for goods with a check on which there had been a stop payment order. Other evidence showed that Doss wore a cap with the words "detective" on it and told the victim that he was with the "Ohio Strike Force." Citing to Bruton v. United States (1968),391 U.S. 123, Doss argues that the court erred by permitting Barto's statements into evidence because he did not have the opportunity to cross-examine the non-testifying Barto on the statements.
 {¶ 2} Before trial commenced, the court placed on the record the following:
 {¶ 3} "Let the record reflect that we had a conference in camera yesterday morning and at that time the prosecutor raised the issue of any potential Brouten [sic.] problems since these defendants are being tried together, and counsel indicated that they would stipulate that there is not [sic.] Brouten [sic.] problem in their view and that they waive any issue with regard to that for purposes of appeal in the event that their clients are convicted."
 {¶ 4} Both counsel for Doss and the state agreed that the court had accurately summarized the in-chambers discussion.
 {¶ 5} Although Doss now asks us to consider the admission of Barto's statements under the guise of plain error, we must note that this is instead an issue of "invited error." Plain error occurs when an error is not brought to the attention of the court. Under the invited error doctrine, "a party is not entitled to take advantage of an error that he himself invited or induced." State ex rel. Kline v. Carroll,96 Ohio St.3d 404, 2002-Ohio-4849; State v. Smith, 148 Ohio App.3d 274,2002-Ohio-3114, at ¶ 30.
 {¶ 6} In United States v. Jernigan (C.A.7, 2003), 341 F.3d 1273, the Seventh Circuit Court of Appeals considered this same issue under nearly identical facts. Two co-defendants were being tried, and the government wanted to play the non-testifying defendant's taped confession. Counsel for Jernigan agreed to have the tapes played. Jernigan appealed his conviction and raised a Bruton issue with respect to tape recordings. The Seventh Circuit held:
 {¶ 7} "Simply put, by affirmatively agreeing to the playing of the tapes, Jernigan effectively caused, i.e., invited, any Bruton error that resulted from the jury's hearing them. Indeed, we and other courts of appeals have applied the invited error doctrine in factual circumstances that are closely analogous to those presented here. This is not to say that had Jernigan not consented to the tapes' introduction, the tapes necessarily would have been inadmissible — indeed, we express no opinion as to the merits of the underlying Bruton claim — but merely to say that a criminal defendant may not make an affirmative, apparently strategic decision at trial and then complain on appeal that the result of that decision constitutes reversible error. This is precisely the situation that the invited error doctrine seeks to avert, and in this case the doctrine precludes Jernigan from asserting as error under Bruton the introduction of Nelson's hearsay statements." Id. at 1290.
 {¶ 8} If possible, this case presents an even better example of invited error since Doss specifically informed the court that he would "waive any issue with regard [to Bruton] for purposes of appeal." In short, he not only invited the error, but represented that he would not make it the subject of an appeal.
 {¶ 9} Our finding that Doss' decision to permit Barto's statement into evidence as invited necessarily decides the question whether counsel performed ineffectively. Without expressing any opinion on the merits of the Bruton issue, we recognize that considering an ineffective assistance of counsel claim brought about as a result of invited error would necessarily vitiate our ruling on invited error. There is no point in having a stringent invited error doctrine only to allow it to be overcome by finding counsel ineffective for having invited the error. In any event, an invited error involves the exercise of trial strategy, and the courts have repeatedly held that an appellate court will not question matters of trial strategy. See State v. Mason, 82 Ohio St.3d 144, 157,1998-Ohio-370.
 {¶ 10} Doss was present and heard the court recapitulate the in-chambers agreement that the Bruton issue would not be the subject of an appeal. As a practical matter, only Doss could raise the Bruton issue on appeal, so the court's recapitulation was directed solely to Doss' right of appeal. His failure to voice any objection meant that he agreed with counsel's actions and we therefore will not consider any claim of ineffective assistance of counsel.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., Concur.