JOURNAL ENTRY and OPINION
{¶ 1} A jury found appellant, Reginald Warren ("appellant"), guilty of kidnapping with a sexual motivation specification and gross sexual imposition for sexual molesting a nine-year-old girl at school. Appellant was sentenced to a total of nine years in prison and he was classified as a sexual oriented offender. Appellant now appeals, citing six assignments of error.
 I. EVIDENCE PRESENTED AT TRIAL {¶ 2} In December 2003, appellant was serving as a mentor in a tutoring program offered at Stephen B. Howe Elementary School. As a mentor in the program, he knew the nine-year-old victim and had indicated to her on previous occasions that he wanted to play a game with her and that he wanted to give her some cookies. Appellant also told the victim that she could not tell any of her friends about the game.
 {¶ 3} After the victim had attended a club meeting at school and was headed back to her fourth grade class, she was approached by appellant who asked her if she was ready to play the game. Appellant instructed the victim to go into the old boy's locker room, which served as a storage room and was unlocked. Once inside, appellant ordered the victim to take off her coat and place her hands against the tables that were leaning against the wall. Appellant unzipped his pants, stood behind the victim, and began rubbing up and down the victim's back with his stomach and "private part." The victim grabbed her coat, ran out of the room, and turned back to notice that appellant's penis was exposed. The victim began running upstairs to her classroom, but appellant grabbed her by the arm, offered her some sunflower seeds, and told her not to tell anyone because he would get in trouble. The victim got away and went immediately to the principal's office to tell on appellant.
 {¶ 4} On the way to the principal's office, the victim bumped into Miss Johnson, the other fourth grade teacher, and told her that appellant was bothering her. Appellant, apparently following the victim, threw his hands into the air in a questioning fashion before Miss Johnson confronted him with the victim's accusations. Miss Johnson then took the victim, who was visibly shaken, upset, and crying, and appellant to the principal's office. Before the victim told the principal what occurred, appellant said that he did not know what the victim was talking about. The principal called an investigator in the school system to investigate after talking to both the victim and appellant. At the close of the investigation, the police came to the school and arrested appellant. Appellant was charged with kidnapping with a sexual motivation specification and gross sexual imposition, found guilty by the jury on both counts, was classified a sexually oriented offender, and was sentenced to a total of nine years in prison.
 II. {¶ 5} Appellant argues, in his first assignment of error, that the trial court's imposition of any sentence beyond the minimum violates appellant's Sixth Amendment right to trial by jury. In particular, appellant asserts that since he had not previously served a prison term, he was entitled to receive only the minimum sentence and that any deviation from the minimum sentence based on facts that appellant did not admit or that the jury did not find violates his right to trial by jury, as held in Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403. However, appellant's argument lacks merit.
 {¶ 6} This very issue was addressed by this court's en banc decision in State v. Atkins-Boozer (May 31, 2005), Cuyahoga App. No. 84151. InAtkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of more than the minimum sentence, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with Atkins-Boozer,
we reject appellant's argument and overrule his first assignment of error.
 III. {¶ 7} In his second assignment of error, appellant argues that the trial court failed to make a finding that his sentence is consistent with similarly situated offenders. Appellant's argument is not well-taken.
 {¶ 8} R.C. 2929.11(B) provides as follows:
 {¶ 9} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} The purpose of R.C. 2929.11(B) is to achieve "consistency" not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529, ¶ 32. The statute "`* * * does not impose an affirmative duty on a state court sentencing judge to calibrate sentences in accord with the other terms of incarceration being imposed within a county, within an appellate district or within the state. Rather, [R.C. 2929.11(B)] is a guide for a sentencing judge to follow in conformity with the overriding purpose of felony sentencing.'" State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932, ¶ 18, quoting State v. McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249, ¶ 55 (O'Donnell, J., dissenting).
 {¶ 11} Here, appellant failed to illustrate, at the trial court level or in his appeal, that similarly situated offenders were sentenced differently. Because there is nothing in the record that indicates that the imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses, appellant's second assignment of error is overruled.
 IV. {¶ 12} Appellant contends in his third assignment of error that his conviction of kidnapping is void because the indictment and jury instruction allowed him to be convicted by a non-unanimous jury. In particular, appellant argues that the trial court failed to instruct the jurors that they must unanimously agree as to how appellant allegedly committed the offense of kidnapping. He further contends, in his fourth assignment of error, that his counsel was ineffective in failing to object to or request a specific jury instruction requiring unanimity. However, appellant's contentions are without merit.
 {¶ 13} First, appellant's failure to request a specific jury instruction or object to the trial court's instructions on the kidnapping charges to the jury waives his argument. Errors otherwise waived may be considered by an appellate court under the doctrine of plain error where the error affects a substantial right. See Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, however, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Ford, Cuyahoga App. No. 84138,2004-Ohio-5610, ¶ 23, citing State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus. Plain error exists when, but for the error, the outcome of the trial would have been different. State v. West, Cuyahoga App. No. 83779, 2004-Ohio-5212, ¶12, citing State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. We find no plain error here.
 {¶ 14} Appellant has failed to show that the jury would not have found him guilty of kidnapping had the jury been instructed that they were required to unanimously agree that either appellant kidnapped the victim by removing the victim from a place or by restraining her of her liberty. Pursuant to R.C. 2905.01, the trial court properly instructed the jurors that they could find appellant guilty of kidnapping, with respect to a person under the age of 13, if they found that appellant removed the victim from a place or restrained her of her liberty for the purpose of engaging in sexual activity. The jurors unanimously returned their verdict that appellant kidnapped the victim (who they unanimously agreed was under the age of 13) with the purpose of engaging in sexual activity. Since there was evidence that appellant "removed the victim from a place" when he lured her into the storage room under the guise of "playing a game" and there was evidence that appellant "restrained the victim of her liberty" when he grabbed her arm and threatened her as she tried to run away, any perceived error would not have changed the outcome. Thus, appellant's third assignment of error is overruled.
 {¶ 15} Second, appellant cannot show that, but for his counsel's failure to object to or request a specific jury instruction, he would have been acquitted of kidnapping. State v. Wolf, Cuyahoga App. No. 83632, 2004-Ohio-5023, ¶ 23, citing Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (holding that the second prong of the analysis for ineffective assistance of counsel requires a showing that there is a reasonable probability that, but for counsel's error, the outcome would have been different). There is nothing in the record to suggest that appellant would have been acquitted of kidnapping had his counsel objected to or requested a specific jury instruction; therefore, appellant's fourth assignment of error is overruled.
 V. {¶ 16} Appellant contends in his fifth assignment of error that the trial court erred in allowing testimony that there were complaints that appellant flirted with and "hit on" women. Upon review of the record, however, appellant's contention is without merit.
 {¶ 17} Here, on cross-examination of Mr. Pinkins, the school custodian, appellant's counsel asked if he had heard of any other complaints about appellant. Mr. Pinkins stated that he was aware of other complaints. Appellant's counsel attempted to limit the complaints to those regarding other children, of which Mr. Pinkins stated that he was not aware. The trial court, after a sidebar with counsel, properly indicated that any objection from the defense as to other complaints would be overruled because appellant's counsel opened the door on cross-examination of the state's witness. Moreover, appellant's counsel invited any error when he asked Mr. Pinkins again on cross-examination if he was aware of any complaints about how appellant acted around some of the adult female staff. Under the invited error doctrine, "a party is not entitled to take advantage of an error that he himself invited or induced." State v. Doss, Cuyahoga App. No. 84433, 2005-Ohio-775, ¶ 5, citing State ex rel. Kline v. Carroll, 96 Ohio St.3d 404, 2002-Ohio-4849,775 N.E.2d 517. Because appellant's counsel opened the door to other complaints about appellant, his fifth assignment of error is overruled.
 VI. {¶ 18} Finally, appellant contends in his sixth assignment of error that the prosecutor engaged in misconduct during his closing argument. In particular, appellant argues that the prosecutor improperly asked the jurors to evaluate the case as if they were victims of the crimes, urged the jurors to send a message to the community by finding appellant guilty, and referred to the victim's credibility. However, appellant's argument is without merit.
 {¶ 19} In addressing a claim for prosecutorial misconduct, we must determine "(1) whether the prosecutor's conduct was improper and (2) if so, whether it prejudicially affected the defendant's substantial rights." State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. A trial is not unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. State v. Treesh,90 Ohio St.3d 460, 464, 2001-Ohio-4, 739 N.E.2d 749. Upon review of the record, none of the statements made by the prosecutor would have resulted in appellant's acquittal.
 {¶ 20} First, the prosecutor asked the jurors to consider how courageous the nine-year-old victim was to testify in court about the crimes committed against her. This comment is not improper, nor does it play improperly to the passions and prejudices of the jurors.
 {¶ 21} Second, the prosecutor urged the jurors to return a guilty verdict to correct an injustice. There was no comment to "send a message" to the community.
 {¶ 22} Third, the prosecutor did not vouch for the credibility of the victim. Instead, the prosecutor simply stated that it is hard to fake emotion. Even if this was improper, it cannot be said that such statement, in light of all the evidence presented, would have resulted in a different outcome for appellant.
 {¶ 23} Finally, the prosecutor did not question appellant's counsel's integrity. Instead, the prosecutor asked the jury to see through the arguments presented by appellant's counsel, which is not only a proper comment, but extremely common in closing argument. Because none of the statements made by the prosecutor during closing argument would have resulted in appellant's acquittal, appellant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Sweeney, J., concur.