[Cite as *State v. Crawford*, 2016-Ohio-7779.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104055**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VERONICA CRAWFORD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595355-A

**BEFORE:** Keough, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEY   FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Khalilah A. Lawson
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Veronica Crawford ("Crawford"), appeals from the trial court's judgment, rendered after a jury trial, finding her guilty of negligent assault and sentencing her to 30 days in jail and three years probation. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} Crawford was charged with felonious assault in violation of R.C. 2903.11(A)(1). The indictment arose out of an incident involving Adrienne Walker ("Walker") that occurred on April 25, 2015.

{¶3} Walker testified at trial that she and Crawford agreed that she would clean two buckets of chitterlings for Crawford for $25. She said that on April 25, 2015, Crawford gave her $10 as a downpayment for her services, and she took the buckets to her home and cleaned the chitterlings. She testified that she returned to Crawford's house at approximately 5 p.m. with two ziploc bags of cleaned chitterlings and two buckets of scraps from the cleaned chitterlings.

{¶4} Walker testified that Crawford gave her $10, and told her that the job was not finished because there was a third bucket of chitterlings for her to clean, and that she would get the remaining $5 when she cleaned the third bucket. Walker stated that she told Crawford that was not their agreement, and she was not cleaning a third bucket of chitterlings. Walker said that she grabbed the ziploc bags of cleaned chitterlings and left,

but Crawford followed her out of the house, pulling on her ponytail to try to drag her back into the house.

{¶5} Walker testified that when she reached the parking lot, Crawford rushed at her, grabbed her by her collar, and tried to "slam" her to the ground. Walker said that as she and Crawford fell to the ground, she heard "the crushing of my face hitting the concrete barrier." On cross-examination, Walker repeatedly stated that she did not trip or lose her balance prior to falling, and that Crawford "was trying to injure me and slam me."

{¶6} Cleveland police and EMS responded to the scene, and Walker was taken to the hospital, where she was treated for a broken nose, a concussion, facial lacerations, and a swollen eye. Walker testified that she still suffers headaches and dizziness as a result of the incident.

{¶7} Crawford's version of the incident differed from Walker's. She testified that she had agreed to pay Walker $25 to clean three buckets of chitterlings, and that Walker took two buckets home to clean. She said that she gave Walker $15 as a downpayment, and was to give Walker the remaining $10 when the job was completed. Crawford testified that when Walker returned with the two cleaned buckets, she told Walker there was $10 in the kitchen that she could have when she returned with the third bucket of cleaned chitterlings. Crawford said that Walker then grabbed the money and the chitterlings, and left the house.

{¶8} Crawford admitted that she followed Walker out of the house and confronted her, and the women exchanged words.   She further admitted that she grabbed Walker when Walker started to walk away.   She said that Walker hit her after she grabbed her, so she hit her back, and they began "tussling."   Crawford testified that as the two women were holding on to each other, Walker tripped over a concrete parking barrier and they both hit the ground.   Crawford said that she helped Walker up, and took her back to her house to treat her injuries.

{¶9} When the police arrived, Crawford was arrested and subsequently charged with felonious assault in violation of R.C. 2903.11(A)(1).   At trial, the  prosecutor asked the judge to also instruct the jury on the lesser included offenses of aggravated assault in violation of R.C. 2903.12(A)(1), and assault in violation of R.C. 2903.13(B).   Defense counsel asked the judge to instruct the jury on the lesser included offense of negligent assault in violation of R.C. 2903.14.   The trial court gave all requested instructions.

{¶10} The jury found Crawford not guilty of felonious assault, aggravated assault, and assault, but guilty of negligent assault.   The judge sentenced Crawford to 60 days in jail, 30 days suspended, and three years probation.   This appeal followed.

II.   Law and Analysis

A.     Jury Instruction on Accident

{¶11} In her first assignment of error, Crawford contends that the trial court erred in failing to instruct the jury regarding the defense of accident.

**{¶12}** Pursuant to Crim.R. 30(A), "a party may not assign as error the giving or failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." A failure to object to jury instructions constitutes a waiver of that issue, unless but for the error the outcome of the trial clearly would have been different. *State v. Jackson*, 92 Ohio St.3d 436, 444, 751 N.E.2d 946 (2001).

**{¶13}** Because defense counsel failed to object to the lack of an accident instruction prior to jury deliberations, we review the trial court's failure to give an accident instruction for plain error. Plain error is an obvious error or defect in the trial court proceeding that affects a substantial right. *State v. Gray*, 8th Dist. Cuyahoga No. 92303, 2010-Ohio-240, ¶ 17, citing *State v. Long*, 53 Ohio St.2d 91, 94, 372 N.E.2d 804 (1978). We take notice of plain error with the "utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Long* at paragraph three of the syllabus. The burden of demonstrating plain error is on the party asserting the error. *State v. McFeeture*, 2015-Ohio-1814, 36 N.E.3d 689, ¶ 84 (8th Dist.).

**{¶14}** Generally, a trial court must provide the jury with all instructions that are relevant and necessary to weigh the evidence and discharge their duty as factfinders. *State v. Joy*, 74 Ohio St.3d 178, 181, 657 N.E.2d 503 (1995). If a requested instruction contains a correct statement of the law and is appropriate to the facts, the instruction must be included, at least in substance, in the charge. *State v. Nelson*, 36 Ohio St.2d 79, 303 N.E.2d 865 (1973), paragraph one of the syllabus, *overruled on other grounds*, 1 Ohio

St.3d 19, 437 N.E.2d 583. In reviewing the record to ascertain the presence of sufficient evidence to support the giving of an instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction. *Feterle v. Huettner*, 28 Ohio St.2d 54, 275 N.E.2d 340 (1971), at syllabus.

{¶15} "Accident" is defined as a "mere physical happening or event, out of the usual order of things and not reasonably (anticipated) (foreseen) as a natural or probable result of a lawful act." *Ohio Jury Instructions* 75, CR Section 421.01(2) (2010). "An accidental result is one that occurs unintentionally and without any design or purpose to bring it about." *Id.*

{¶16} In this case, the record arguably supports an instruction on the defense of accident. Crawford testified that Walker tripped over the concrete barricade. She denied "slamming" Walker down or even trying to push her down, and said that she never saw the concrete barrier over which Walker fell. The record also reflects that defense counsel argued several times in closing that Walker's fall was an accident and not criminal activity, and the state rebutted the accident theory in its closing. Thus, it is arguable that the trial court erred in not providing a jury instruction on the accident defense.

{¶17} Nevertheless, "[e]ven if it is arguable that the trial court erred in failing to provide a jury instruction on the accident defense, 'if the trial court's general charge was otherwise correct, it is doubtful that this error of omission would ever satisfy the test for

plain error by affecting the outcome of the trial.'" *State v. Sunderman*, 5th Dist. Stark No. 2006-CA-00321, 2008-Ohio-3465, ¶ 27, quoting *State v. Stubblefield*, 1st Dist. Hamilton No. C-890597, 1991 Ohio App. LEXIS 610 (Feb. 13, 1991). This is because the defense of accident is not an excuse or justification for the admitted act; it is a complete denial that an unlawful act was committed because the defendant did not have the requisite mens rea. *State v. Poole*, 33 Ohio St.2d 18, 19, 294 N.E.2d 888 (1973). Thus, the accident instruction simply reminds the jury that the defendant presented evidence of accident to negate the defendant's criminal intent. *Sunderman* at ¶ 27. If the jury believes the defendant's accident argument, it would be required to find the defendant not guilty pursuant to the court's general instructions. *Id.*

{¶18} The record in this case reflects that the trial court's general charge to the jury included instructions for felonious assault, aggravated assault, reckless assault, and negligent assault. The trial court also instructed the jury that the state bore the burden of proving every element of each of the charged offenses by proof beyond a reasonable doubt. Furthermore, as Crawford concedes, "[n]ot only did Ms. Crawford testify that Ms. Walker tripped, but defense counsel argued in closing that it was an accident on at least four occasions and not criminal activity." Thus, even without a specific instruction on the defense of accident, the jury was free to consider her accident defense and acquit her on that basis if they had believed the defense. Despite Crawford's assertion otherwise, the trial court's failure to instruct on accident did not mislead the jury nor deny

her a "complete defense" under the Sixth and Fourteenth Amendments to the United States Constitution.

**{¶19}** We find no plain error because the failure to instruct on the defense of accident did not affect the outcome of the trial. The first assignment of error is therefore overruled.

B.     A Deadly Weapon

**{¶20}** Crawford was convicted of negligent assault under R.C. 2903.14(A), which provides that "no person shall negligently, by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code, cause physical harm to another * * *." R.C. 2923.11 defines "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." The alleged deadly weapon in this case was the concrete parking barrier upon which Crawford slammed Walker's head.

**{¶21}** In her second assignment of error, Crawford contends that her conviction should be reversed because there was insufficient evidence that the concrete parking barrier was a deadly weapon. She asserts that if the curb is a deadly weapon, then the ground in general would likewise be a deadly weapon every time anyone falls and is injured. She contends that the state's overbroad definition of deadly weapon in this case "cannot be upheld."

**{¶22}** Crawford's argument has no merit because defense counsel — not the state — requested the jury instruction on negligent assault under R.C. 2903.14 and, further,

asked the court to make a finding that, as used in this case, the concrete parking barrier was a deadly weapon or dangerous ordnance. (Tr. 296-297).

{¶23} Under the invited error doctrine, a party is not entitled to take advantage of an alleged error that the party induced or invited the court to make. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359, 626 N.E.2d 950 (1994). "[A] litigant cannot be permitted, either intentionally or unintentionally to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible." *Lester v. Leuck*, 142 Ohio St. 91, 93, 50 N.E.2d 145 (1943). The doctrine precludes a litigant from making "an affirmative and apparent strategic decision at trial" and then complaining on appeal that the result of that decision constitutes reversible error. *State v. Doss*, 8th Dist. Cuyahoga No. 84433, 2005-Ohio-775, ¶ 7, quoting *United States v. Jernigan*, 341 F.3d 1273 (11th Cir.2003).

{¶24} In this case, defense counsel made an obvious strategic decision to ask for a jury instruction on negligent assault as a lesser included offense of felonious assault because negligent assault is a third-degree misdemeanor that carries a lesser sentence than felonious assault, a second-degree felony; aggravated assault, a fourth-degree felony; and assault, a first-degree misdemeanor, the other offenses of which Crawford could have been convicted. Crawford cannot now complain that there was insufficient evidence to support her conviction for negligent assault. The second assignment of error is overruled.

C.   Sentencing

{¶25} At the sentencing hearing, Crawford, who was 50 years old, admitted that she had used crack cocaine since she was 18. She admitted further that although she went for drug rehabilitation treatment in 2011, she began using crack cocaine again approximately one year prior to the incident involving Walker, and that she was under the influence of crack cocaine and alcohol when she assaulted Walker. The trial judge then told her:

> You know you were very lucky. You were very lucky. You have a very good set of attorneys here that got you off on this low level crime. It should have been a higher level. We all know that.
>
> So you were very lucky. You owe a very big thank you to those attorneys standing with you. They did a very fine job representing you. But, you know, your actions in this case were horrific. You know this is the kind of violence we're seeing every day in our community. What I call stupid violence. You know, you don't want to pay the $5 for her to clean your [chitterlings]? Fine. Don't beat her up. You know. You don't do that.
>
> And of course, what are you going to say? I didn't do that. Well, you're on cocaine and alcohol. How do you know what you did and didn't do?

{¶26} The trial court then sentenced Crawford to 60 days in jail, 30 days suspended, and three years probation upon satisfactory completion of the 30 days in jail. The judge told Crawford that after 30 days in jail, the judge would bring her back to court to determine "what we need to do to get you to be a law-abiding, productive member of society, free of drugs and alcohol."

{¶27} In her third assignment of error, Crawford contends that the trial court abused its discretion in sentencing her to 30 days in jail and three years probation because the maximum sentence for a third-degree misdemeanor is 60 days. Crawford contends

that the judge was upset with the jury's verdict, as evidenced by the judge's statement Crawford should have been convicted of a higher level offense, and that the sentence was "vindictive and in retribution" for the jury's favorable verdict. Crawford asserts that the trial judge "willfully ignored the misdemeanor sentencing statutes" so that she could impose a higher sentence. Crawford's argument is without merit.

{¶28} The guidelines for misdemeanor sentencing are substantially similar to those applied in felony sentencing. *Cleveland v. Peoples*, 8th Dist. Cuyahoga No. 100955, 2015-Ohio-674, ¶9. The court must be guided by the purposes of misdemeanor sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). When determining the appropriate sentence, the court must consider the factors listed in R.C. 2929.22(B), including the nature and circumstances of the offense and whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending. R.C. 2929.22(B)(1). However, there is no requirement that a trial court sentencing on misdemeanor offenses specifically state its reasons for the sentence on the record. *Strongsville v. Jaeger*, 8th Dist. Cuyahoga No. 99579, 2013-Ohio-4476, ¶ 5. "When the court's sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing to the contrary." *Cleveland v. Go Invest Wisely*, 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, and 95177, 2011-Ohio-3047, ¶ 10, quoting *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶ 48 (7th Dist.).

{¶29} Crawford was convicted of negligent assault, a third-degree misdemeanor, which carries a maximum jail sentence of 60 days and a maximum fine of $500. R.C. 2929.24 and 2929.28. The trial court sentenced Crawford to 60 days in jail, 30 days suspended, and three years probation; it did not impose a fine.

{¶30} Because the sentence was within the statutory limit, and we find nothing in the record to suggest otherwise, we presume the trial judge considered and followed the R.C. 2929.22 sentencing factors. Furthermore, the trial court's sentence was not vindictive. In light of the evidence of Crawford's assault on Walker and Walker's resulting injuries, the judge's comment that Crawford was "lucky" not to have been convicted of a higher offense was an accurate statement. Moreover, in sentencing Crawford, the judge was free to consider the victim impact statement made by Walker at sentencing, in which Walker advised the court that she still experiences headaches and dizziness as a result of the assault, and that she is afraid to go outside because Crawford lives in the neighborhood. And despite Crawford's assertion on appeal that the sentence was improper because she had no prior criminal record, defense counsel admitted at sentencing that Crawford had been convicted of a prior misdemeanor offense.

{¶31} The record indicates that rather than being vindictive, the judge was trying to help Crawford to be drug free and law abiding. At sentencing, the judge told Crawford that after her successful completion of 30 days in jail, the judge would bring her back to court to "see what we need to do to get you to be a law-abiding, productive member of society, free of drugs and alcohol." When Crawford returned after 30 days to

receive the terms of her probation, the judge told her, "I'm not going to ask you to do anything that hurts you. I'm just going to ask you to do things that will help you and our community." The judge then imposed probation conditions requiring Crawford to abstain from drugs and alcohol, complete an anger management class, and obtain full-time employment. We do not perceive the judge's original 30-day jail sentence nor the probation conditions to be vindictive in any way. Rather, the sentence reflects the judge's attempt to both punish Crawford for her crime and assist her in becoming a productive, law-abiding citizen. The third assignment of error is therefore overruled.

D. Ineffective Assistance of Counsel

{¶32} In her fourth assignment of error, Crawford asserts that trial counsel was ineffective for (1) not requesting a jury instruction on the defense of accident, and (2) failing to object to the sentence imposed by the court and its vindictiveness in imposing it.

{¶33} To substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington*, 3466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance is highly deferential. *Strickland* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶34} As discussed above, counsel's failure to request a jury instruction on the defense of accident did not prejudice Crawford. The judge gave proper general instructions to the jury, and defense counsel argued the accident defense at trial and in closing. Even without a jury instruction on accident, the defense was before the jury, and it could have acquitted Crawford on this basis. Thus, counsel's failure to request the accident instruction did not prejudice Crawford and, accordingly, was not ineffective assistance of counsel. Likewise, because, as discussed above, the trial court's sentence was not vindictive, counsel's failure to object to the sentence was not ineffective assistance of counsel. The fourth assignment of error is therefore overruled.

{¶35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and

ANITA LASTER MAYS, J., CONCUR